UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE BECHLER,<br><br>          Plaintiff,<br><br> - against -<br><br>MVP GROUP INTERNATIONAL, INC., BED BATH & BEYOND INC., WAYFAIR LLC, and JET.COM, INC.<br><br>          Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Shane Bechler ("Bechler" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants MVP Group International, Inc. ("MVP"), Bed Bath & Beyond Inc. ("BBB"), Wayfair LLC ("Wayfair"), and Jet.com, Inc. ("Jet") and all together ("Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of a copyrighted photograph of tropical hibiscus flower owned and registered by Bechler, a professional photographer. Accordingly, Bechler seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants are transacting business in New York. The Defendants advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors. Furthermore, the Defendants own and operate public-facing websites, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation. In addition, MVP, BBB and Wayfair are registered with the New York Department of State, Division of Corporations to do business in the State of New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Bechler is a professional photographer in the business of licensing and selling his his photographs for a fee, having a usual place of business at 2250 Talon Parkway, Greeley, Colorado 80634.

6. Upon information and belief, MVP is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 1031 Legrande Blvd., Charleston, SC 29492. Upon information and belief, MVP is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, MVP owns Colonial Candle and has owned and operated a website at the URL: http://www.colonialcandle.com (the "Colonial Website").

7. Upon information and belief, BBB is a corporation duly organized and existing under the laws of the State of New York with a place of business at 620 6th Avenue, New York, New York 10011. Upon information and belief, BBB is registered with the New York

Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, BBB has owned and operated a website at the URL: http://www.bedbathandbeyond.com ("BBB Website").

8. Upon information and belief, Wayfair is a limited liability company duly organized and existing under the laws of the State of New York with a place of business at 4 Copley Place, Suite 7000, Boston, Massachusetts, 02116. Upon information and belief, Wayfair is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Wayfair has owned and operated a website at the URL: http://www.wayfair.com (the "Wayfair Website").

9. Upon information and belief, Jet is a corporation duly organized and existing under the laws of the State of New Jersey with a place of business at 221 River Street, Hoboken, New Jersey, 07030. At all times material hereto, Jet has owned and operated a website at the URL: http://www.jet.com (the "Jet Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

10. Bechler photographed a tropical hibiscus flower in Mazatlan, Mexico (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

11. Bechler first published the Photograph on the publically facing website www.FineArtAmerica.com to sell his photograph. A true and correct copy of the Photograph on www.FineArtAmerica.com is attached hereto as Exhibit B.

12. Bechler is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

13.     The Photograph was registered with U.S. Copyright Office and was given Copyright Registration Number VA 2-005-569.

**B.     Defendants Infringing Activities**

14.     **MVP-** Upon information and belief, MVP copied the Photograph from FineArtAmerica.com and starting in 2014 and continuing to this day MVP has been using the Photograph to sell, create, market and advertise its entire tropical fruit line of products.

15.     MVP has used the Photograph on products including but not limited to their: Tropical Nectar 22 ounce Scented Oval Jar Candle, Tropical Nectar 8 ounce Scented Oval Jar Candle, Tropical Nectar 3.5 ounce Scented Oval Jar Candle, Tropical Nectar Fragrance Tester, Tropical Nectar Scented Tealight Candles, Tropical Nectar Air Freshener, Tropical Nectar Scented Votive Candle, and Tropical Nectar Simmer Snaps.

16.     The use consists of prominently featuring the Photograph on all of the products in the line. A true and correct copy of the Colonial Website featuring the entire line of products is attached hereto as Exhibit C.

17.     MVP did not license the Photograph from Plaintiff for its use, nor did MVP have Plaintiff's permission or consent to use the Photograph on its products.

18.     **BBB-** Upon information and belief, starting in 2014 and continuing to this day, BBB has been selling MVP's products with the Photograph on them on their BBB Website and in stores.

19.     A true and correct copy of the BBB Website featuring the MVP's products are attached hereto as Exhibit D.

20.     BBB did not license the Photograph from Plaintiff for its use, nor did BBB have Plaintiff's permission or consent to sell the MVP's products with the Photograph on them on their BBB Website or stores.

21.     **Wayfair-**  Upon information and belief, starting in 2014 and continuing to this day, Wayfair has been using selling MVP's products with the Photograph on them on the Wayfair Website.

22.     A true and correct copy of the Wayfair Website featuring the MVP's products selling on the Wayfair Website is attached hereto as Exhibit E.

23.     Wayfair did not license the Photograph from Plaintiff for its use, nor did Wayfair have Plaintiff's permission or consent to use sell the MVP's products with the Photograph on them on the Wayfair Website.

24.     **Jet-** Upon information and belief, starting in 2014 and continuing to this day, Jet has been using selling MVP's products with the Photograph on them on their Jet Website.

25.     A true and correct copy of the Jet Website featuring the MVP's products selling on the Jet Website is attached hereto as Exhibit F.

26.     Jet did not license the Photograph from Plaintiff for its use, nor did Jet have Plaintiff's permission or consent to use sell the MVP's products with the Photograph on them on their Jet Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MVP, BBB, WAYFAIR, AND JET)**
**(17 U.S.C. §§ 106, 501)**

27.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-26 above.

28. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on their products. Defendants are not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

29. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

30. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

31. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

32. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

33. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

34. Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

**SECOND CLAIM FOR RELIEF**

## **INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MVP**
## **(17 U.S.C. § 1202)**

35. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-34 above.

36. When the Photograph was published on FineArtAmerica.com, it contained copyright management information protected under 17 U.S.C. §1202(b).

37. Upon information and belief, MVP took the Photograph from FineArtAmerica.com.

38. On its product line, MVP intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

39. The conduct of MVP violates 17 U.S.C. § 1202(b).

40. Upon information and belief, MVP's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

41. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by MVP intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. MVP also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

42. As a result of the wrongful conduct of MVP as alleged herein, Plaintiff is entitled to recover from MVP the damages, that he sustained and will sustain, and any gains, profits and

advantages obtained by MVP because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

43.     Alternatively, Plaintiff may elect to recover from MVP statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The MVP be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons or entities acting in concert or participation with Defendants, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph pursuant to 17 U.S.C. § 502;

4. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photograph; or
b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to MVP's falsification, removal, and/or alteration of copyright management information; b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal of alteration of copyright management information committed by MVP pursuant to 17 U.S.C. §1203 (c);

6. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 14, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Shane Bechler*