January 17, 2017

**VIA ECF**

Honorable Loretta A. Preska, U.S.D.J
United States District Court for the Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

Re:   ***Bechler v. MVP Group International Inc. et al,***
      ***Docket No. 1:16-cv-08837-LAP***

Dear Judge Preska,

      We are counsel for Plaintiff Shane Bechler in the above-referenced action.  We write in opposition to the Defendants' letter motion for a pre-motion conference in order to file 28 U.S.C. 1404 (a) Motion to Transfer.   As will be made evident below the Defendants' motion is unlikely to succeed and is intended to frustrate an otherwise legitimate claim for copyright infringement.

      I.     DEFENDANTS' BURDEN OF PROOF

      It is well settled law in this Circuit that "the party requesting transfer carries the 'burden of making out a strong case for transfer.'" *N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 114 (2d Cir.2010) (internal quotations omitted). In fact, the movant bears the burden of showing clear and convincing evidence that transferring the action to another forum is proper. *Cartier v. D &D Jewelry Imports*, 510 F. Supp. 2d 344, 345 (S.D.N.Y. 2007). The Defendants will not and cannot satisfy this heavy burden of proof.

      II.     FACTORS ARE EITHER NEUTRAL OR FAVOR PLAINTIFF

      Assuming, *arguendo*, that the Defendants can show that the action could have been brought in the South Carolina, the Defendants must also show by clear and convincing evidence that the transfer of venue is consistent with notions of justice and convenience.   *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 106 (2d Cir.2006).  The Court assesses the balance of interests of justice and convenience by weighing: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties;(4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice based on the totality of the circumstances. *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.,* 419 F. Supp. 2d 395, 401-402 (S.D.N.Y. 2005).

      The Defendants will not and cannot show, by clear and convincing evidence, that transfer of venue will serve the interests of justice and convenience.  Because of the presumption that a plaintiff selects a forum based on convenience, the plaintiff's choice of forum is generally afforded great weight. *ACA Galleries, Inc. v. Kinney*, 2011 WL 830669, at *1 (S.D.N.Y. Mar. 8,

2011) (internal citations omitted).  Furthermore, since the discretion under Section 1404 "'must be exercised at the very outset of the case, when relatively little is known about how the case will develop, courts have typically accorded substantial weight to the [eighth] factor, plaintiff's choice of forum.' " *Freeplay Music, LLC v. Gibson Brands, Inc.*, 2016 WL 4097804, at * 2 (S.D.N.Y. Jul. 18, 2016) (internal citations omitted.)

The Defendants' argument that the presumption is weakened because the locus of operative facts only involve South Carolina is faulty.  In a copyright infringement case, the operative facts include the place where the infringing item was made and sold. *Atl. Recording Corp.*, 603 F. Supp. 2d 690, 697(S.D.N.Y. 2009). The Defendants admit operating a public-facing facing website that sells to New York consumers.  Therefore, the candles were infringed upon online and in stores in the present forum.  In addition to selling infringing items to New York residents online, countless brick and mortar stores in New York offered the items.  At the very least the locus of operative facts analysis is neutral and arguably it favors the present forum.  As a result, the plaintiff's choice of forum is, "presumptively entitled to substantial deference." *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004).

Similarly, other factors are either neutral or favor the Plaintiff because this copyright infringement speaks for itself and is uncomplicated by the need for excessive documentation.  To be certain, the Plaintiff has chosen the present forum because of its convenience.  Neither the convenience of scarce witnesses, nor that of the some of the Defendants, nor the scant operative facts that might point to the South Carolina are sufficient to overcome the substantial deference afforded Plaintiff's choice of forum.  Crucially, to this date, Defendant Jet.com does not join in the request to transfer venue.

The rest of the factors the Court will consider plainly favor the present forum.  All relevant documents are accessible via the internet, presenting little or no obstacle to the parties' production.  The Defendants' main argument is that they have a license for the photograph via an online photo licensing company.   That suggests that all relevant documents will be available online.  An unwilling witness whose attendance must be compelled is highly unlikely.  The Defendant MVP Group International Inc. is a successful corporations doing business throughout the country since 1998, has relatively more means than the Plaintiff to produce witnesses and make appearances in the Plaintiff's chosen forum.  Other Defendants are even better situated to absorb the expense.  The Southern District of New York District Court has more familiarity with the law governing this cause of action or the Copyright Act, than perhaps any other forum in the nation.  The Defendants cannot and will not meet its burden.

III.     DEFENDANTS' ARGUMENT WILL RUN AFOUL OF §1404(A)'S INTENT

In an attempt to make a case for transferring venue, the Defendants might rely on a few weak factors that tie the claim to the physical location of the Defendant MVP Group International, and to a lesser extent of the Plaintiff.  However, since the purpose of §1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense, the Defendants should not be permitted to bolster its witness lists, rev up document production and otherwise inflate a straight-forward

copyright infringement case with needless discovery and superfluous depositions just to transfer the action to a forum it prefers. *Van Dusen v, Barrack*, 376 U.S. 612, 616 (1964).

As stated above, however, this copyright infringement claim is not tied to a physical location of either one of the Defendant's place of business nor the Plaintiff's residence. Since this is a straight-forward copyright infringement claim, Plaintiff does not anticipate many witnesses nor an extensive discovery. In its letter motion, the Defendants do not name any witnesses who will allegedly experience undue hardship as a result of keeping the action in the present forum. However, according to precedent, the Defendants "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *ESPN, Inc. v. Quiksilver, Inc.,* 581 F.Supp.2d 542, 550 (S.D.N.Y.2008) (citing *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.,* 894 F.2d 579, 585–86 (2d Cir.1990)). Clearly, the motion to transfer will contradict Congressional intent to prevent the waste of time, effort and money.

IV.    CONCLUSION

In light of the foregoing reasons, we oppose the Defendants' request for a pre-motion conference and leave to file a motion to transfer this action as wasteful of the court's resources as well as intended to frustrate and obstruct the Plaintiff's prosecution of a legitimate and properly pled claim. We respectfully ask that the Defendants' request be denied.

Respectfully Submitted,

/s/Yekaterina Tsyvkin
Richard Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
kt@LiebowitzLawFirm.com

*Attorneys for Shane Bechler*