

One Lincoln Center, Syracuse, NY 13202-1355| **bsk.com**

**GEORGE MCGUIRE, ESQUIRE**
gmcguire@bsk.com
P: (315)218-8515
F: (315)218-8100

January 18, 2017

<u>VIA ECF</u>

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

Re:   *Request for Pre-Motion Conference*
      *Case No. 16-cv-8837, Bechler v. MVP Group International, Inc. et. al.*

Dear Judge Preska:

  This office represents Defendant MVP Group International, Inc. ("MVP"), Bed Bath & Beyond Inc. ("BBB"), and Wayfair LLC ("Wayfair") in the above referenced action. Please accept this letter as the Reply Letter to Plaintiff's Response Letter ("Response") (Dkt. 15).

  In the Response, Plaintiff mainly relies on the proposition that a plaintiff's choice of forum is afforded significant consideration. Plaintiff neglects to note that a plaintiff's "chosen forum carries less weight when no party resides in the forum nor is it the locus of operative facts." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 405 (S.D.N.Y. 2005); *see Medien Patent Verwaltung AG v. Warner Bros. Entm't*, 749 F. Supp. 2d 188, 191 (S.D.N.Y. 2010); *Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (citing numerous cases for this proposition); *Lighting World v. Birchwood Lighting*, 2001 U.S. Dist. LEXIS 1691, at *14 (S.D.N.Y. 2001) (citation omitted). This is particularly the case where, as here, "plaintiff brings suit outside his home forum." *Lighting World* at *14.

  The foreign Plaintiff, a Colorado resident, brought this action not in his home forum but in this District, which has no greater connection to this case than Colorado. After all, the Candles can be purchased in Colorado, too, as well as South Carolina and every other state in the country; New York simply has no meaningful connection to this case whatsoever. Still, Plaintiff attempts to link this case to New York by noting the accused Candles bearing the labels ("Labels") with the photograph at issue ("Photograph") are sold online and at stores in New York. However, the fact the Candles may be bought in New York is incidental, not material, as the accused products are not specifically tailored for use in New York, nor is there any special concentration of sales in New York. *See Serconet, Ltd. v. Netgear, Inc.*, 2006 U.S. Dist. LEXIS 52065, at *4; *Amersham Pharmacia Biotech v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (finding no significant connection to New York where the accused products were incorporated into devices sold and used in New York and noting the accused products were not designed and developed in New York and defendant managed the promotion, sales, and marketing of the accused products from California headquarters).

Plaintiff's only connection to New York is that he retained New York counsel. But, case law is clear that the presence of a foreign plaintiff's counsel in this District does not weigh against transfer. *Kolko v. Holiday Inns*, 672 F. Supp. 713, 715 (S.D.N.Y. 1987) ("Plaintiff's only contact with the Southern District of New York is that his attorney practices in the New York City area. The convenience of plaintiff's attorney, without more, is not decisive in determining to grant or deny a transfer motion."); *Boy v. Nationwide Ins.*, 1996 U.S. Dist. LEXIS 8873, at *5-6 (S.D.N.Y. 1996); *Montgomery v. TAP Enterps.*, 2007 U.S. Dist. LEXIS 12702, at *13 (S.D.N.Y. 2007). Ultimately, New York has no connection to this case, and, thus, the interests of justice require transfer. *Indian Harbor* at 405. For the above reasons, Plaintiff's choice of forum warrants no deference.

South Carolina remains the clear locus of operative facts here. At bottom, this case concerns the interpretation of the license MVP acquired from iStock.com, an online Canadian company, to use the Photograph in the Labels. (Although Plaintiff filed this lawsuit before Plaintiff's counsel was aware of the license, Plaintiff insisted on moving forward with this litigation even after Plaintiff's counsel learned of and acknowledged the existence of the license). MVP employees working in South Carolina purchased the license. This shows South Carolina is the locus of operative events in this case. *See Indian Harbor* at 405 (noting that where a contract was made is a factor in determining the locus of operative facts). South Carolina is also the locus of operative facts as the main witnesses, MVP employees Ms. Ashton Ocampo and Ms. Lauren Newton, live there. Ms. Newton purchased the License and she and Ms. Ocampo designed and developed the Label in South Carolina. Ms. Ocampo and Ms. Newton will testify regarding the circumstance of MVP's acquisition of the license and the Labels' design and development. There are no other material party witnesses. The only potential non-party witness is an iStock.com representative whose location in Canada is neutral to the transfer analysis.

Contrary to insinuations, MVP does not need to bolster witness lists or inflate facts to show transfer is justified. The facts show it is more convenient for the witnesses as well as for MVP, BBB, and Wayfair for this case to proceed in South Carolina. On the other hand, it is not substantially more inconvenient for Plaintiff or Jet.com (a New Jersey company) to proceed in South Carolina versus this District. *Deshoulieres, S.A. v. Cuthbertson Imps.*, 2006 U.S. Dist. LEXIS 72023, at *9 (S.D.N.Y. 2006); *France Telecom S.A. v. Marvell Semiconductor*, 20 U.S. Dist. LEXIS 72023, at *9 (S.D.N.Y. 2012). Plaintiff chose to file this action outside his home forum, showing his decision was not based on his convenience, and he will have to travel wherever this case proceeds. Plaintiff cannot credibly argue it is significantly more inconvenient for him to travel to South Carolina versus New York. *Intria Corp. v. Intira Corp.*, 2000 U.S. Dist. LEXIS 17039, at *16-18 (S.D.N.Y. 2012) (citing cases finding increased travel by a foreign plaintiff due to transfer is not a significant inconvenience). Since transfer will not merely shift the inconveniences of litigation from MVP to Plaintiff, this action should be transferred and the interests of justice require it. *Intria Corp.* at *17-18; *Matra Et Manhurin v. Int'l Armament*, 628 F. Supp. 1532, 1535 n.5 (S.D.N.Y. 1986); *Indian Harbor* at 405.

Sincerely,

BOND, SCHOENECK & KING, PLLC


/s/ George R. McGuire
George R. McGuire, Esquire
Member

GRM/AS
cc: Matt Dillon, MVP International, Inc.
Richard Liebowitz, Esq.