

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

**GEORGE R. MCGUIRE, ESQ.**
gmcguire@bsk.com
P: 315.218.8515

March 20, 2020

**VIA ELECTRONIC FILING**

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

Re:   *Bechler v. MVP Group International, Inc. et al.* - Case No. 16-cv-8837

Dear Judge Preska:

We represent MVP Group International, Inc. ("MVP"), Bed Bath & Beyond Inc. ("BBB"), and Wayfair LLC ("Wayfair") (collectively, the "MVP Defendants") in the above-referenced action. We also write on behalf of counsel for Defendant Jet.com ("Jet") (collectively, with the MVP Defendants, "Defendants"). Defendants intend to file a joint motion for summary judgment and for costs, attorneys' fees and sanctions. Pursuant to Section 2(A) of Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference with Your Honor.

MVP designs and manufactures private label candles and related products. Certain of MVP's candles are sold by online retailers, including BBB, Wayfair, and Jet. Plaintiff alleges that MVP violated the Copyright Act and the Digital Millennium Copyright Act ("DMCA") by producing and selling candles that bear on their product packaging a photograph of a tropical hibiscus plant taken by Plaintiff (the "Photograph"), and that BBB, Wayfair, and Jet violated the Copyright Act by selling MVP's candles on their respective websites. The undisputed evidence establishes that both of Plaintiff's causes of action fail as a matter of law.

**Plaintiff's First Cause of Action Fails as a Matter of Law**

Plaintiff alleges in his first cause of action that Defendants violated Sections 106 and 501 of the Copyright Act. To establish a claim of copyright infringement, Plaintiff must establish, *inter alia*, "unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003). It is axiomatic that "[a] copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." Graham v. James, 144 F.3d 229, 236 (2d Cir. 1998); see Davis v. Blige, 505 F.3d 90, 100 (2d Cir. 2007) (a valid license "immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor").

Plaintiff alleges that he is the sole owner of all right, title, and interest in the Photograph, and that MVP "copied the Photograph from FineArtsAmerica.com." Compl. ¶ 14. Both allegations are

Honorable Loretta A. Preska
March 20, 2020
Page 2

Photograph from iStock, a Getty Images licensing agency that Plaintiff permitted to license the Photograph.

In purchasing the right to use the Photograph from iStock, MVP received and entered into an iStock License with respect to the Photograph. The iStock License grants MVP a "perpetual, non-exclusive, non-transferable worldwide license to use the Content for the Permitted Uses," which include "advertising and promotional projects, including printed materials [and] product packaging." The manner in which MVP used the Photograph – i.e., incorporating it on labels adhered to glass jars holding the "Tropical Nectar" line of candles – falls squarely within the plain and unambiguous meaning of the term "product packaging." See, e.g., Eliya, Inc. v. Kohl's Corp., No. CV 15-2123, 2016 U.S. Dist. LEXIS 22086, at *9 (E.D.N.Y. Feb. 22, 2016) ("product packaging" in the intellectual property context refers to "'the manner in which a product was 'dressed up' to go to market with a label, package, display card, and similar packaging elements.'") (quoting Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1005 (2d Cir. 1997)).

Because MVP's use of the Photograph was permitted by the iStock License, Plaintiff's claim against MVP under the Copyright Act fails as a matter of law. Jorgensen, 351 F.3d at 51; see Smith v. Barnesandnoble.com, LLC, 839 F.3d 163, 167 (2d Cir. 2016) (where "the existence of the license is undisputed, and the only contested issue is its scope, the copyright owner bears the burden of proving that the defendant's conduct was unauthorized under the license").

Plaintiff's inability to establish a claim of direct copyright infringement against MVP mandates dismissal of Plaintiff's first cause of action against all other Defendants. Plaintiff alleges only that BBB, Wayfair, and Jet offered MVP's candles for sale on their respective websites. "Without a showing of a direct copyright infringement," however, "secondary liability cannot be maintained." Spinelli v. NFL, 903 F.3d 185, 197 (2d Cir. 2018) (citing, *inter alia*, Faulkner v. Nat'l Geographic Enters., 409 F.3d 26, 40 (2d Cir. 2005)). Thus, because Plaintiff cannot establish that MVP directly infringed his rights in the Photograph, Plaintiff's secondary infringement claims against all other Defendants fail as a matter of law. See, e.g., id.

**Plaintiff's Second Cause of Action Fails as a Matter of Law**

Plaintiff's second cause of action, which alleges that MVP violated Section 1202(b) of the Digital Millennium Copyright Act (the "DMCA"), also fails as a matter of law.

To establish a "claim for violation of § 1202(b)" of the DMCA, Plaintiff must show "(1) the existence of [copyright management information ('CMI')] on the [work]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." Janik v. Mediapost Comms., Inc., No. 16-cv-05872, 2017 U.S. Dist. LEXIS 98390, at *7 (S.D.N.Y. June 26, 2017) (internal quotation marks and citation omitted).

Plaintiff alleges that, "[w]hen the Photograph was published on FineArtAmerica.com, it contained copyright management information protected under" the DMCA, and that "[u]pon

Honorable Loretta A. Preska
March 20, 2020
Page 3

information and belief, MVP took the Photograph from FineArtAmerica.com" and "intentionally and knowingly removed copyright management information identifying Plaintiff as the Photographer of the Photograph." Compl. ¶¶ 36-38. Because MVP downloaded the Photograph from iStock's website, not from FineArtAmerica.com, Plaintiff is precluded as a matter of law from establishing any of the elements of his DMCA claim against MVP. MVP is therefore entitled to judgment as a matter of law on Plaintiff's second cause of action.

As the Court noted in its March 11, 2020 Order, no discovery has been taken in this case. In the interest of a just, speedy, and inexpensive determination of this action as mandated by Fed. R. Civ. P. 1, Defendants wish to move for summary judgment at this stage for the reasons explained above. Should the Court deny the motion, however, Defendants respectfully reserve their rights to file a renewed motion for summary judgment at a later stage of the case.

**Defendants Are Entitled to Costs, Attorneys' Fees and Sanctions**

As a result of the frivolous nature of Plaintiff's claims in this action, and Plaintiff's refusal to discontinue those claims, Defendants are entitled to costs and attorney's fees from Plaintiff pursuant to Section 505 of the Copyright Act, and to costs, attorneys' fees and sanctions from Plaintiff's attorney pursuant to 28 U.S.C. § 1927 and the Court's inherent power.

Both the commencement and continued prosecution of this action evidence objectively unreasonable and vexatious conduct on the part of Plaintiff and his counsel. The MVP Defendants' counsel informed Plaintiff's counsel of the iStock License shortly after this action was commenced, and, despite Plaintiff never having served discovery demands on Defendants, produced a copy of the iStock License to Plaintiff's counsel on September 20, 2018. Plaintiff and his counsel have nevertheless refused to voluntarily discontinue this action, thereby requiring Defendants to incur the cost and expense of their continued defense, including preparing a motion for summary judgment, notwithstanding Plaintiff's counsel's admission to the Court that "[t]he existence of a license that allegedly covers the infringing use would be dispositive." Dkt. No. 23. Defendants are thus entitled to costs, attorneys' fees, and sanctions.

Thank you for your consideration regarding this matter.

Respectfully,

BOND, SCHOENECK & KING, PLLC

/s/ George R. McGuire

George R. McGuire

cc: Counsel of Record (*via ECF*)