

March 23, 2020

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Rm 12A
New York, NY 10007

Re: <u>*Bechler v. MVP Group International, Inc.,* 1:16-cv-08837 (LAP)</u>

Dear Judge Preska:

    We represent Plaintiff Shane Bechler ("Plaintiff") in the above-captioned case. We write in response to Defendants MVP Group International, Inc. ("MVP"), Bed Bath & Beyond Inc. ("BBB"), Wayfair LLC and Jet.com (collectively, "Defendants")'s letter seeking a pre-motion conference to file a summary judgment dismissing the case. For the following reasons, the motion should be denied, and any briefing schedule should be deferred until after the close of fact discovery, which should be completed within 120 days.

### BACKGROUND

    Plaintiff is a professional photographer and the owner/author of a photograph of a tropical hibiscus flower (the "Photograph"), which was first published on the website www.FineArtAmerica.com. The Photograph was registered with U.S. Copyright Office and was given Copyright Registration Number VA 2-005-569.

    Defendant MVP is a designer and manufacturer of retail candles and other home fragrance products. The co-defendants are on-line distributors or "big box" retailers which distributed the candles and fragrance products with the Photograph on them without Plaintiff's authorization.

    Defendants seek summary judgment of dismissal on grounds that MVP's use of the Photograph was permitted by an iStock License Agreement (a Getty Images licensing agency) between MVP and iStock. However, the scope of the license agreement does not include the Defendants' usage here on two independent grounds. <u>First</u>, by it express terms, the iStock License Agreement specifically excludes the use of content "as part of a trademark, design mark, tradename, business name, service mark, or logo." <u>Second</u>, the iStock License also excludes "the use of content in connection with any goods or services intended for resale or distribution where the primary value lies in the content itself."





**LEGAL STANDARD**

While "it is a defense to copyright infringement that the alleged infringer possessed a license to use the copyrighted work, *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998), "[t]he burden of proving that a license exists falls on the party invoking the defense." *Associated Press v. Meltwater U.S. Holdings, Inc.,* 931 F.Supp.2d 537, 561-62 (S.D.N.Y. 2013) (Cote, J.) (citing Graham, 144 F.3d at 236). It is well-established that a copyright infringement claim lies where defendant's challenged use exceeds the scope or duration of a license. See, e.g., *Microsoft Corp. v. Harmony Computers & Elecs., Inc.*, 846 F. Supp. 208, 214 (E.D.N.Y. 1994) ("plaintiff's claim that defendants exceeded the scope of its license agreements states a claim for copyright infringement rather than breach of contract"); *Marshall v. New Kids On The Block P'ship*, 780 F. Supp. 1005, 1009 (S.D.N.Y. 1991) ("Case law in this Circuit indicates that a copyright licensee can make himself a 'stranger' to the licensor by using the copyrighted material in a manner that exceeds either the duration or the scope of the license."); *Leutwyler v. Royal Hashemite Court of Jordan*, 184 F. Supp. 2d 303 (S.D.N.Y. 2001); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225 (S.D.N.Y. 2000).

Fed.R.Civ.P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *See also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 303 (2d Cir.2003) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (quoting *Trebor Sportswear Co. v. The Ltd. Stores, Inc.,* 865 F.2d 506, 511 (2d Cir .1989)).

**POINT I:   DEFENDANTS USED THE PHOTOGRAPH "AS PART OF A TRADEMARK, DESIGN MARK, TRADENAME, BUSINESS NAME, SERVICE MARK, OR LOGO"**

In support of their proposed motion for summary judgment, Defendants primarily argue that the iStock License Agreement applies to "product packaging" and therefore covers the allegedly infringing use. However, by its express terms, the license does not extend to use of the Photograph on product packaging where the Photograph serves "as part of a Trademark, Design Mark, Tradename, Business name, Service mark, or Logo."

Here, a cursory review of the exhibits attached to the Complaint show that Defendant used the Photograph "as part of Trademark, Design Mark, Tradename, Business name, Service mark, or Logo." The tradename "Colonial Candle" in indicated as a trademark ® and Photograph is plainly incorporated into such mark. Furthermore, to the extent Defendants argue otherwise, the question of whether Defendant has used the Photograph as part of its trademark is a matter for the fact-finder to decide at trial, thereby precluding summary judgment.

In addition, some of the infringing products are not product packaging and are instead on the product itself. To the extent Defendants argue otherwise, it is a matter for the fact-finder to decide at trial.



POINT II:   THE PHOTOGRAPH ITSELF PROVIDES THE "PRIMARY VALUE" OF THE CANDLE, WHICH WOULD OTHERWISE BE AN UNMARKED GENERIC CANDLE

The iStock License Agreement also excludes "the use of content in connection with any goods or services intended for resale or distribution where *the primary value* lies in the content itself including, without limitation cards, stationery items, paper products, calendars, apparel items, posters, DVDs,…. or other items for resale, license or other distribution for profit. This included "on demand" products, including, without limitation postcards, mugs, t-shirts….." (italics added), unless Defendants purchase an Extended License. Here, Defendant only purchased a Regular License, rather than an Extended License. Moreover, a reasonable jury could conclude that the "primary value" of the candle marketed as a retail item is the Photograph itself, rather than the utilitarian candle. In that sense, a candle is no different than a paper card or a mug. Paper cards and mugs have utilitarian value, but consumers in the market to buy decorated cards or mugs will purchase the item depending on the intellectual property affixed thereto.

Thus, to use a photograph in connection with a candle, gift card or mug, the user (i.e., MVP) was required to secure an extended license. This is because the Photograph serves as a critical inducement for retail customers to purchase the decorated candle. But for Defendant's use of the Photograph, customers would be unlikely to purchase a non-decorated generic candle. A customer would be more likely to purchase a competitor's candle which employs an attractive photograph.

Furthermore, to the extent Defendants argue otherwise, the question of whether the Photograph itself provides the "primary value" pursuant to the terms of the iStock Licensing Agreement is a matter for the fact-finder to decide at trial, thereby precluding summary judgment.

POINT III:   DEFENDANTS' PROPOSED MOTION FOR SUMMARY JUDGMENT SHOULD BE DEFERRED UNTIL AFTER SIX MONTHS OF DISCOVERY

Finally, to the extent that Defendants argue that the exclusionary language set forth in Points II and III, *supra*, is not applicable here, such arguments would constitute an admission that questions of material fact remain for trial. Similarly, it is likely that the iStock License Agreement may be deemed ambiguous. Accordingly, Plaintiff should be granted 120 days of discovery to determine the state of mind of the parties to the iStock Licensing Agreement, which necessarily entails third party discovery. *See also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 303 (2d Cir.2003) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (quoting *Trebor Sportswear Co. v. The Ltd. Stores, Inc.,* 865 F.2d 506, 511 (2d Cir .1989)).

Here, discovery is necessary to allow Plaintiff to ascertain the intended meaning of contractual terms such as "primary value". Also, the iStock License Agreement limits a regular license to a run of 500,000 units or less. Plaintiff is entitled to discovery on the number of candles Defendants actually manufactured and sold.



Based on the foregoing, Plaintiff respectfully requests that the Court deny the Defendants' motion for pre-motion conference, and defer any briefing schedule on summary judgment until such time as the parties have completed at least 120 days of fact discovery.

Respectfully Submitted,

**s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Shane Bechler*