

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**GEORGE R. MCGUIRE, ESQ.**
gmcguire@bsk.com
P: 315.218.8515

March 24, 2020

**VIA ELECTRONIC FILING**

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

Re:   *Bechler v. MVP Group International, Inc. et al. - Case No. 16-cv-8837*

Dear Judge Preska:

We represent MVP Group International, Inc. ("MVP"), Bed Bath & Beyond Inc. ("BBB"), and Wayfair LLC ("Wayfair") (collectively, the "MVP Defendants") in the above-referenced action. We also write on behalf of counsel for Defendant Jet.com ("Jet") (collectively, with the MVP Defendants, "Defendants"). Defendants respectfully submit this reply in further support of their request for a pre-motion conference with Your Honor.

In response to Defendants' pre-motion letter, Plaintiff concedes that (i) he permitted iStock to license the Photograph, (ii) MVP purchased the right to use the Photograph from iStock, and that (iii) in doing so, MVP received and entered into the iStock License. See Dkt. No. 34. Plaintiff makes no attempt to explain why these critical facts were omitted from the Complaint, or why the Complaint asserts directly contradictory facts against Defendants. Instead, Plaintiff simply ignores the materially misleading nature of his Complaint and argues that Defendants' use of the Photograph exceeded the scope of the iStock License. Plaintiff's arguments are meritless.

"Where, as here, the existence of the license is undisputed, and the only contested issue is its scope, the copyright owner bears the burden of proving that the defendant's conduct was unauthorized under the license." Smith v. Barnesandnoble.com, LLC, 839 F.3d 163, 167 (2d Cir. 2016) (internal citation omitted). Plaintiff falls far short of meeting this burden.

Plaintiff's first argument that the Photograph is incorporated as part of the "Colonial Candle" trademark is plainly false. "Subject matter that is merely a decorative feature does not identify and distinguish the applicant's goods and, thus, does not function as a trademark." 8 Trademark Manual of Examination § 1202.03. Id. The Photograph is merely decorative and does not function in any way as a trademark (or as part of the "Colonial Candle" mark). As evidenced by the exhibits to the Complaint, the product packaging of every candle made by MVP under the "Colonial Candle" brand utilizes a unique photograph that is functionally tied in some way to the scent of the product – i.e., the "tropical nectar" bears the Photograph; a "holiday sparkle" candle bears a photograph of an ornament; and a "mulberry" candle bears a photograph of a mulberry

3516314.3 3/24/2020

Attorneys At Law | A Professional Limited Liability Company

Honorable Loretta A. Preska
March 24, 2020
Page 2

bush, etc.. See Dkt. No. 1-5 at 2-3.  For each such product, the "Colonial Candle" name is trademarked, but the photograph on the product packaging is mere ornamentation.

Plaintiff's argument that the use of the Photograph on "the product itself" (i.e., on the product label) does not constitute "product packaging" also fails as a matter of law.  The term "product packaging" in this context refers to "'the manner in which a product was 'dressed up' to go to market with a label, package, display card, and similar packaging elements.'"  Eliya, Inc. v. Kohl's Corp., 2016 U.S. Dist. LEXIS 22086, at *9 (E.D.N.Y. Feb. 22, 2016) (emphasis added) (quoting Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1005 (2d Cir. 1997)).

Plaintiff's final argument – that MVP's use of the Photograph violates a purported exclusion of the use of content in connection with goods "intended for resale or distribution where the primary value lies in the content itself" – is meritless.  That exclusion language does not appear in the iStock License.[1]

In sum, because Plaintiff cannot meet his burden of establishing that Defendants' conduct was unauthorized under the iStock License, Defendants are entitled to summary judgment dismissing Plaintiff's Complaint in its entirety.  Plaintiff's request for 120 days of discovery is a transparent attempt to stave off dismissal and should be denied.  Defendants are entitled to judgment as a matter of law under the unambiguous iStock License and Plaintiff's requested discovery would be wasteful and futile.  Plaintiff's discovery request is particularly striking in light of the fact that Plaintiff makes no attempt to explain his years-long failure to prosecute this action, including his failure to seek the discovery that he now contends is necessary.

Notably, Plaintiff does not even address Defendants' arguments that they are entitled to costs and attorney's fees from Plaintiff and to costs, attorneys' fees and sanctions from Plaintiff's attorney.

In the event Your Honor permits Defendants to move for summary judgment, Defendants respectfully propose that moving papers be due three (3) weeks thereafter, with opposition papers due four (4) weeks after moving papers are filed, and reply papers due two (2) weeks after opposition papers are filed.  We proposed this briefing schedule to Plaintiff's counsel via e-mail on March 20 and March 24, 2020, but have not received a response.

Respectfully,

BOND, SCHOENECK & KING, PLLC

/s/ George R. McGuire

George R. McGuire

cc: Counsel of Record (*via ECF*)

---

[1] It appears this language is in the license agreement currently reflected on iStock's website, but that license is inapplicable here.  In any event, Plaintiff's argument that the "primary value" of the Colonial Candles is the Photograph, as opposed to the candles themselves and their unique scent, belies all reason and credibility.