# BOND SCHOENECK & KING

One Lincoln Center, Syracuse, NY 13202-1355| bsk.com

**GEORGE R. McGUIRE, ESQUIRE**
gmcguire@bsk.com
P: (315)218-8515
F: (315)218-8100

January 4, 2017

**VIA ECF**

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

Re:  Request for Pre-Motion Conference
Case No. 16-cv-8837, *Bechler v. MVP Group International, Inc. et. al.*

Dear Judge Preska:

This office represents the interests of Defendant MVP Group International, Inc. ("MVP") in the above referenced action brought by Plaintiff Shane Bechler ("Plaintiff"). Plaintiff has also sued co-defendants Bed Bath & Beyond Inc. ("BBB"), Wayfair LLC ("Wayfair"), and Jet.com, Inc. ("Jet") and this office will represent BBB and Wayfair, and possibly Jet although that engagement has not yet been finalized as of this writing. Pursuant to paragraph 2(A) of Your Honor's individual practices, please accept this letter as MVP's letter seeking a pre-motion conference with the Court with regard to MVP's, BBB's and Wayfair's intent to file a 28 U.S.C. §1404(a) Motion to Transfer.

Introduction

MVP is a South Carolina corporation with its principal place of business in Charleston, South Carolina. MVP manufactures quality American-made candles. This case revolves around Plaintiff's claim that the label applied to a certain candle manufactured by MVP bears a photograph of a hibiscus flower that allegedly infringes a copyright held by Plaintiff. MVP's principal defense is that it has a license to use the photograph in question. The accused candles are for sale in brick-and-mortar stores across the country, such as in BBB stores, as well as online through Wayfair, Jet, and MVP's own website, http://www.colonialcandle.com. MVP's candles, including the accused candles, are sold throughout this country and are not particularly directed to New York. It is unlikely BBB, Wayfair and Jet will have any material factual contributions to this case with the possible exception perhaps of sales records as none of them had any involvement in the selection, licensing, printing and distribution of the label bearing the allegedly infringing photograph.

Plaintiff is a Colorado resident and filed this case outside of his home forum. Upon information and belief, Plaintiff only chose to file this action in this District as his attorney is located in this District. Other than opposing counsel's presence in this

2820086.1 12/30/2016

Honorable Loretta A. Preska
January 4, 2017
Page 2

District, there are no material ties that would support bringing this action in this District versus any other.

Basis for Transfer

Although there is no limit as to the exact factors the Court may consider determining whether to transfer the case, the following nine factors are generally always considered in this District: **(1)** plaintiff's choice of forum; **(2)** convenience of witnesses; **(3)** location of relevant documents and relative ease of access to sources of proof; **(4)** convenience of parties; **(5)** locus of operative facts; **(6)** availability of process to compel the attendance of unwilling witnesses; **(7)** relative means of the parties; **(8)** forum's familiarity with the governing law; and **(9)** trial efficiency and the interest of justice, based on the totality of the circumstances. On balance, these factors weigh heavily in favor of transfer given the lack of material connection to this District.

Here, the Colorado Plaintiff chose to file this case outside of his home forum, filing in a district that is not more convenient to Plaintiff than the transferee District of South Carolina and where there is little to no material connection to the issues in this case aside from the incidental facts of: (1) some retail sales of the accused candle occurred in this District, and (2) co-defendant BBB has stores in New York state (in fact, as of November 26, 2016, BBB had a total 1,021 Bed Bath & Beyond with stores in all 50 states). Given these limited and attenuated facts, Plaintiff's choice to file in this District does not merit any deference whatsoever and does not weigh against transfer.

With regard to the fifth factor, South Carolina is the locus of operative facts in this case as it is where the accused candles, along with their allegedly infringing labels, were designed and developed, and where MVP has all its employees, including those employees (and documents) involved with the design and the development of the accused candles. Thus, that factor weighs in favor of transfer. That factor also impacts analysis of the second and third factors, which also weigh in favor of transfer to South Carolina.

Because the relevant decisions regarding use of the photograph in question on the accused candles' labels were made by MVP employees in South Carolina, and all documentation regarding the same as well as the development of the label occurred in South Carolina, MVP's party witnesses, i.e. the employees involved in the design and development of the label, as well as the initial purchase and licensing of the photograph at issue, are all located in South Carolina. MVP knows of no non-party witnesses outside of South Carolina, but to the extent that any exist, they are not located in New York. Thus, transfer to South Carolina would actually increase the convenience for witnesses in this matter, and the fact that most if not all of the relevant evidence in this case is located in South Carolina also weighs in favor of transfer.

Honorable Loretta A. Preska
January 4, 2017
Page 3

      For the same reasons, the convenience of the parties will also be served by transfer to South Carolina. It is unquestionable that transfer to South Carolina will be more convenient for MVP, who is, in essence, the real defendant at issue since the co-defendants have no relation to the design or development of the accused candles' labels. As of this date, BBB and Wayfair are both in agreement that this case should be transferred to South Carolina. At the same time, South Carolina will not be more inconvenient to Plaintiff as Plaintiff will have to travel from Colorado to attend trial in this case, whether this case proceeds in this District or is transferred to South Carolina. Moreover, for Plaintiff to travel to South Carolina as opposed to New York is not significantly more inconvenient to Plaintiff, and may actually be more convenient. Thus, because transfer would not merely shift inconvenience from MVP to Plaintiff but would be significantly more convenient for MVP and not substantially disadvantageous to Plaintiff, this factor weighs in favor of transfer and transfer should be granted.

      The sixth factor is neutral as to transfer as MVP is only aware of only one possible non-party witness with any knowledge regarding the salient issues in this case, namely, a representative from the photo licensing company located in Canada who granted MVP a license to use the photograph in the manner now alleged by plaintiff to be an infringement. As for the seventh factor, the relative means of the parties, this is also a neutral factor. As noted above, the fact that Plaintiff is not a New York resident means Plaintiff will have to travel from Colorado to litigate the case whether in New York or South Carolina, and there is no significant increase in expense to Plaintiff to travel to South Carolina versus New York. Moreover, the fact that Plaintiff's attorney will have to travel and may incur additional travel cost as a result of transfer from New York to South Carolina is not a strong factor, as precedent shows, when compared to the other factors. Plaintiff's counsel could likely appear pro hac vice in the transferee forum and some payments for air travel for plaintiff's counsel or payments to local counsel in South Carolina are not strong factors compared to the other transfer factors. The eighth factor is also neutral as both this District and the District of South Carolina are capable of dealing with the federal copyright law questions at issue in this case.

      Ultimately, the ninth factor, judicial efficiency and justice, weighs heavily in favor of transfer of this case to the District of South Carolina in light of the totality of the circumstances discussed above. The fact of the matter is that transfer is unquestionably convenient for MVP and its co-defendants but not significantly inconvenient to Plaintiff. Moreover, New York has no material connection to the issues in this case whereas South Carolina is the locus of operative facts. The main witnesses and evidence regarding this matter are in South Carolina. Justice demands this case be transferred.

Honorable Loretta A. Preska
January 4, 2017
Page 4

Sincerely,

BOND, SCHOENECK & KING, PLLC

George R. McGuire (GRM-0272)

GRM/AS
cc: Matt Dillon, Esq.
Richard McGuire, Esq.
Enrique Colbert, Esq.
Counsel of Record (via ECF)