# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE BECHLER,<br><br>      Plaintiff,<br><br>v.<br><br>MVP GROUP INTERNATIONAL, INC.,<br>BED BATH & BEYOND INC.,<br>WAYFAIR LLC, and JET.COM, INC.<br><br>      Defendants. | Civil Action No. 1:16-cv-08837-LAP<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS MVP GROUP INTERNATIONAL, INC., BED BATH & BEYOND INC., AND WAYFAIR LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants MVP Group International, Inc. ("MVP"), Bed Bath & Beyond Inc. ("BBB"), and Wayfair LLC ("Wayfair") (collectively "Defendants") hereby respond to and answer Plaintiff Shane Bechler's ("Plaintiff") Complaint ("Complaint") as follows:

## NATURE OF THE ACTION

1. Defendants admit that paragraph 1 of the Complaint purports to assert claims for copyright infringement under Section 501 of the Copyright Act and for the alleged removal of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act and also discloses Plaintiff's apparent intention to seek injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. §101 et seq, but deny that the Complaint states any valid claims against Defendants.

## JURISDICTION AND VENUE

2. Defendants admit Plaintiff purports a claim arising under the Copyright Act and that the Court has subject matter jurisdiction, but deny that Plaintiff has a legitimate claim under the Copyright Act.

3. Defendants BBB and Wayfair admit the allegations of paragraph 3 of the Complaint that this Court has personal jurisdiction over BBB and Wayfair, respectively, and Defendants admit that Defendants own and operate public websites accessible to New York residents through which one can order products that are the subject of this litigation, but Defendant MVP denies that it is subject to personal jurisdiction in New York, that it is registered with the New York Department of State, Division of Corporations to do business in the State of New York, and that the Complaint states any proper basis for jurisdiction against it in this Court.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore deny them.

6. Defendant MVP admits that MVP is a corporation organized under the laws of the Kentucky with its principal place of business located at 1031 Legrand Boulevard, Charleston, South Carolina 29492. Defendant MVP admits MVP does business under the brand name "Colonial Candle" and that it owns the website at http://www.colonialcandle.com. Defendant MVP denies all remaining allegations in paragraph 6 of the Complaint. Defendants BBB and Wayfair lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore deny them.

7. Defendant BBB admits that BBB is a corporation organized under the laws of New York with a principal place of business located at 650 Liberty Avenue, Union, New Jersey, 07083. Defendants admit BBB is registered with the New York Department of State, Division of Corporations to do business in the State of New York and that BBB owns the website at http://www.bedbathandbeyond.com. Defendant BBB denies all remaining allegations in

paragraph 7 of the Complaint. Defendants MVP and Wayfair lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and therefore deny them.

8. Defendant Wayfair admits that Wayfair is a corporation organized under the laws of Delaware with a principal place of business located at 4 Copley Place, Floor 7, Boston, Massachusetts, 02116. Defendant Wayfair admits Wayfair is registered with the New York Department of State, Division of Corporations to do business in the State of New York and that Wayfair owns the website at http://www.wayfair.com. Defendant Wayfair denies all remaining allegations in paragraph 8 of the Complaint. Defendants MVP and BBB lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore deny them.

9. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore deny them.

## STATEMENT OF FACTS[1]

### A. Background and Plaintiff's Ownership of the Photograph

10. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore deny them.

11. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore deny them.

12. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore deny them.

---

[1] For convenience and clarity, Defendants' Answer uses the same headings as Plaintiff's Complaint. Defendants deny all allegations contained in Plaintiff's headings.

13. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore deny them.

**B.     Defendants Infringing Activities**

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit that MVP incorporated a version of a tropical flower that ostensibly is the tropical flower pictured in the photograph attached to the Complaint as Exhibit A in MVP's labels for its "Tropical Nectar" fragrance line of "Colonial Candle" brand of candles. Defendants deny all remaining allegations in paragraph 15 of the Complaint.

16. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations that MVP incorporated a version of a tropical flower that ostensibly is the tropical flower pictured in the photograph attached to the Complaint as Exhibit A in MVP's labels for its "Tropical Nectar" fragrance line of "Colonial Candle" brand of candles and therefore denies same. Defendants admit that Exhibit C to the Complaint appears to show out-of-date screenshots of MVP's website pages showing Colonial Candle Tropical Nectar candle products, but MVP lacks sufficient information to admit or deny the authenticity of the screenshots attached collectively as Exhibit C to the Complaint. Defendants deny all remaining allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants admit that BBB has placed MVP products with labels that incorporate a photograph for sale on its website. Defendants deny all remaining allegations in paragraph 18 of the Complaint.

19. Defendants admit that Exhibit D to the Complaint appears to show out-of-date screenshots of BBB's website pages showing Colonial Candle Tropical Nectar candle products

but Defendants lack sufficient information to admit or deny the authenticity of the screenshots attached collectively as Exhibit D to the Complaint. Defendants deny all remaining allegations in paragraph 19 of the Complaint.

20. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore deny them.

21. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore deny them

22. Defendants admit that Exhibit E to the Complaint appears to show out-of-date screenshots of Wayfair's website pages showing Colonial Candle Tropical Nectar candle products, but Defendants lack sufficient information to admit or deny the authenticity of the screenshots attached collectively as Exhibit D to the Complaint. Defendants deny all remaining allegations in paragraph 22 of the Complaint.

23. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore deny them.

24. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore deny them.

25. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore deny them.

26. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore deny them.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MVP, BBB, WAYFAIR, AND JET)**
**(17 U.S.C. §§ 106, 501)**

27. As to the allegations in paragraph 27 of the Complaint, Defendants re-allege and incorporate their responses set forth in paragraphs 1 through 26 as if fully set forth herein.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MVP
## (17 U.S.C. § 1202)

35. As to the allegations in paragraph 35 of the Complaint, Defendants re-allege and incorporate their responses set forth in paragraphs 1 through 34 as if fully set forth herein.

36. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and therefore deny them.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

44. Defendants deny Plaintiff is entitled to any relief he seeks in his prayer for relief paragraphs 1 through 9 of the "Prayer for Relief" section of the Complaint located on page 8 and page 9 of the Complaint. Defendants pray Plaintiff's Complaint be dismissed with prejudice, or, in the alternative, that a judgment of no cause for action be entered in favor of Defendants against Plaintiff, with costs and attorneys' fees to be awarded to Defendants as allowed by law, including without limitation costs and fees awarded to Defendants pursuant to 15 U.S.C. §505.

## DEMAND FOR JURY TRIAL

45. This paragraph requires no response.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

46. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

47. Plaintiff's claims and Complaint are barred by the Doctrine of Laches.

### Third Affirmative Defense

48. Plaintiff's claims and Complaint are barred by the Statute of Limitations.

### Fourth Affirmative Defense

49. Venue is improper.

### Fifth Affirmative Defense

50. Plaintiff granted MVP a license to use the photograph at issue.

51. MVP notified Plaintiff's counsel that Plaintiff had authorized non-party iStock.com to license the photograph at issue in this litigation. Plaintiff's counsel admitted to MVP that Plaintiff did indeed authorize non-party iStock.com to grant licenses of the photograph at issue in this litigation.

52. MVP purchased the license to the photograph at issue from iStock.com.

## Reservation of Additional Defenses

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the copyright laws of the United States, and any other defenses, at law or in equity, that may now or in the future may be available based on discovery or any other investigation in this case or any related action.

Dated: January 10, 2017    BOND, SCHOENECK & KING, PLLC

By: */George R. McGuire/s*
George R. McGuire (Bar Roll GRM-0272)
One Lincoln Center
Syracuse, NY  13202
Tel:    (315) 218-8515
Fax:   (315) 218-8415
gmcguire@bsk.com

Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served January 10, 2016, with a copy of this document via the Court's CM/ECF system.

*/George R. McGuire/s*
George R. McGuire

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE BECHLER,<br><br>        Plaintiff,<br><br>  - against -<br><br>MVP GROUP INTERNATIONAL, INC., BED BATH & BEYOND INC., WAYFAIR LLC, and JET.COM, INC.<br><br>        Defendants. | Case No. 16-cv-08837 (LAP) (KNF)<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

        Defendant Jet.com, Inc., by its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, alleges as follows:

        1.     Denies knowledge or information sufficient to form a belief as to plaintiff's allegations in paragraph 1 of the complaint, except admits that plaintiff purports to bring an action under Section 501 of the Copyright Act and Section 1202(b) of the Digital Millennium Copyright Act. Jet.com denies that plaintiff suffered any actionable harm for which Jet.com is liable and denies that plaintiff is entitled to relief under the cited statutes, or any relief whatsoever from Jet.com.

        2.     The allegations in paragraphs 2 and 4 of the complaint constitute legal conclusions to which no response is necessary. To the extent that a response is required, Jet.com denies them.

        3.     The allegations in paragraph 3 of the complaint constitute legal conclusions to which no response is necessary. To the extent that a response is required, Jet.com denies them, except Jet.com denies knowledge or information sufficient to form a belief as to the truth of the last sentence of paragraph 3 of the complaint.

1

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5–8, 10–23, and 26 of the complaint.

5.      Denies the allegations in paragraph 9 of the complaint except admits that Jet.com has a place of business at 221 River Street, Hoboken, New Jersey, 07030 and that Jet.com owns and operates a web site at www.jet.com.

6.      Denies the allegations in paragraph 24 except admits that Jet.com has listed the identified products on its web site. Jet.com further responds that it no longer lists the products on its web site.

7.      Denies the allegations in paragraph 25 of the complaint and respectfully refers the Court to the documents referenced for a full recitation of their terms.

8.      Regarding paragraphs 27 and 35 of the complaint, repeats and realleges its responses to the paragraphs incorporated by reference.

9.      Denies the allegations in paragraphs 28–34 of the complaint.

10.     The allegations in paragraphs 36–43 of the complaint are not directed at Jet.com, and therefore no response is necessary. To the extent that a response is required, Jet.com denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36–43 of the complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

11.     The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

12.     The complaint is barred, in whole or in part, by the statute of limitations.

538823_1/03859-0008

### Third Affirmative Defense

13. The complaint is barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

14. The complaint is barred, in whole or in part, because plaintiff granted an express or implied license for the use of the photographs in question.

### Fifth Affirmative Defense

15. The complaint is barred, in whole or in part, by the doctrines of consent, ratification, or equitable estoppel.

### Sixth Affirmative Defense

16. Plaintiff is barred from recovery because he has failed to mitigate his alleged damages.

### Seventh Affirmative Defense

17. The complaint is barred, in whole or in part, to the extent that it is based on alleged infringement of works for which the registration certificate contains materially false or inaccurate information relating to the nature, ownership, or chain of title to the work.

### Eighth Affirmative Defense

18. The complaint is barred by the fair use doctrine.

### Ninth Affirmative Defense

19. Plaintiff's prayer for statutory damages is barred to the extent that plaintiff's registration was obtained after Jet.com's allegedly infringing conduct.

### Tenth Affirmative Defense

20. Plaintiff's prayer for statutory damages is limited to the extent that he is not able to allege or prove facts sufficient to show that the alleged infringement was willful.

538823_1/03859-0008

### Eleventh Affirmative Defense

21. Plaintiff's prayer for copyright damages, whether actual or statutory, is limited by Jet.com's innocent intent.

### Twelfth Affirmative Defense

22. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Thirteenth Affirmative Defense

23. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourteenth Affirmative Defense

24. Plaintiff's prayer for damages, whether actual or statutory, are barred or limited because plaintiff's rights are commercially valueless.

### Fifteenth Affirmative Defense

25. Plaintiff's prayer for actual or statutory damages are barred or limited because no profits of Jet.com are attributable to the alleged infringement.

### Sixteenth Affirmative Defense

26. Plaintiff is not entitled to injunctive relief because the alleged harm it suffered is not immediate or irreparable, and it has an adequate remedy at law.

### Seventeenth Affirmative Defense

27. Any recovery by plaintiff against Jet.com would be unfair and would constitute unjust enrichment.

### Eighteenth Affirmative Defense

28. Jet.com reserves the right to assert additional affirmative defenses in the event that other defenses become known in the prosecution and discovery of this case.

**WHEREFORE**, defendant Jet.com respectfully seeks judgment as follows:

  A. Dismissal of the complaint;

  B. The costs and disbursements of this action, including reasonable attorneys' fees;

and

  C. Such other relief as may be just and proper.

Dated: New York, New York      **INGRAM YUZEK GAINEN CARROLL**
    February 23, 2017         **& BERTOLOTTI, LLP**


                 By: /s/ Mioko C. Tajika
                   David G. Ebert
                   Mioko C. Tajika
                 250 Park Avenue, 6th Floor
                 New York, New York 10177
                 Phone: (212) 907-9600
                 Fax: (212) 907-9681
                 *Attorneys for Defendant Jet.com, Inc.*