UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE BECHLER,<br><br>              Plaintiff,<br><br>      v.<br><br>MVP GROUP INTERNATIONAL, INC.,<br>BED BATH & BEYOND INC.,<br>WAYFAIR LLC, and JET.COM, INC.<br><br>              Defendants. | Civil Action No. 1:16-cv-08837-LAP<br><br>**DECLARATION OF GEORGE R. MCGUIRE, ESQ.** |

I, George R. McGuire, hereby declare as follows:

1. I am a member of the law firm Bond, Schoeneck & King, PLLC, which represents defendants MVP Group International, Inc., Bed Bath & Beyond Inc., and Wayfair LLC (collectively, the "MVP Defendants") in this action. I respectfully submit this Declaration in support of Defendants' Motion for Summary Judgment seeking dismissal of Plaintiff's Complaint in its entirety, and for costs, attorneys' fees, and sanctions.

2. Plaintiff commenced this action by filing his Complaint on November 14, 2016. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit "A"** (Dkt. No. 1).

3. Shortly after Plaintiff commenced this action, I notified Plaintiff's counsel that MVP had a valid license from iStock, an online stock photography licensing agency, to use the tropical hibiscus photograph at issue in this action (the "Photograph") in the manner alleged (the "iStock License"). Plaintiff's counsel subsequently confirmed to me that Plaintiff had authorized iStock to grant licenses of the Photograph.

4. I raised the existence of the iStock License in a letter to the Court dated January 4, 2017, on which Plaintiff's counsel was copied. Specifically, I wrote "MVP's principal defense is that it has a license to use the photograph in question." A true and correct copy of my January 4, 2017 letter to the Court is attached as **Exhibit "B"** (Dkt. No. 9).

5. The MVP Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint on January 10, 2017. The MVP Defendants' Fifth Affirmative Defense again articulated the MVP Defendants' defense that MVP had a license from iStock to use the Photograph. True and correct copies of MVP Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint, as well as Defendant Jet.com, Inc.'s Answer, are attached as **Exhibit "C"** (Dkt. Nos. 13, 18).

6. The existence and content of the iStock License was again raised and discussed at an interim pretrial conference with the parties' counsel and the Court held on or about June 22, 2017.

7. On September 17, 2018, after nearly one year of inactivity in this action, I emailed Plaintiff's counsel and inquired whether, in light of Plaintiff's inaction and the existence of the iStock License, Plaintiff would agree to voluntarily dismiss this action. Plaintiff's counsel responded the same day, writing that, while Plaintiff would be open to transferring venue to South Carolina, "[w]e will not agree to dismiss the case." A true and correct copy of my September 17, 2018 email correspondence with Plaintiff's counsel is attached as **Exhibit "D"**.

8. Although Plaintiff never served discovery on the MVP Defendants in this action, I provided Plaintiff's counsel a copy of the iStock License on or about September 20, 2018. A true and correct copy of my September 20, 2018 correspondence to Plaintiff's counsel is attached as **Exhibit "E"** and a true and correct copy of the iStock License which was attached thereto is attached as **Exhibit "F"**.

9. In a teleconference with the parties' counsel and the Court held on October 2, 2018, the Court granted Defendants permission to file their motion for summary judgment.

10. Following the October 2, 2018 teleconference, I again inquired in a telephone call with Plaintiff's counsel whether Plaintiff would consent to dismiss this action. Although Plaintiff's counsel offered to voluntarily dismiss the second cause of action (against MVP under the Digital Millennium Copyright Act), he again refused to dismiss Plaintiff's principal claim against all Defendants under the Copyright Act. As such, Defendants prepared their motion for summary judgment.

11. On March 2, 2020, the Court ordered the parties to provide a case status update on or before March 9, 2020. In advance of this deadline, Plaintiff's counsel sent me an e-mail inquiring whether Defendants would mediate this action. On March 9, 2020, Defendants declined Plaintiff's mediation proposal and, once again, inquired whether Plaintiff would voluntarily dismiss all claims against Defendants. Once again, Plaintiff refused to voluntarily dismiss his claims against Defendants.

12. To date, MVP, BBB, and Wayfair have incurred $1,453.42 in costs and $54,495.00 in attorneys' fees in defending against Plaintiff's claims in this action.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this April 15, 2020, in Syracuse, New York.

By: *George R. McGuire*

George R. McGuire, Esq.