**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE BECHLER,<br><br>   Plaintiff,<br><br> v.<br><br>MVP GROUP INTERNATIONAL, INC., BED BATH & BEYOND INC., WAYFAIR LLC, and JET.COM, INC.<br><br>   Defendants. | Civil Action No.<br>1:16-cv-08837-LAP |

**JOINT MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**APPLICATION FOR ATTORNEYS' FEES AND COSTS**

BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
Tel. No. (315) 218-8000

*Attorneys for Defendants MVP Group International, Inc., Bed Bath & Beyond Inc., and Wayfair LLC*

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP
150 East 42nd Street, 19th Floor
New York, New York 10017
Tel. No. (212) 907-9600

*Attorneys for Defendant Jet.com, Inc.*

**TABLE OF CONTENTS**

**Pages**

PRELIMINARY STATEMENT AND BACKGROUND ............................................................. 1

FACTS ............................................................................................................................................. 3

ARGUMENT .................................................................................................................................... 5

    I.    The Hourly Rates Sought by Defendants Are Reasonable ....................................... 5

    II.   The Hours Expended by Defense Counsel and Paralegal Were Reasonable............ 8

    III.  Defendants Are Entitled to Full Costs ..................................................................... 10

CONCLUSION ............................................................................................................................... 10

CERTIFICATE OF SERVICE ...................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany,
  522 F.3d 182 (2d Cir. 2008) ..................................................................................5, 6

Capitol Records, Inc. v. MP3tunes, LLC,
  No. 07cv9931, 2015 WL 7271565 (S.D.N.Y. Nov. 12, 2015) ..........................7, 10

Crown Awards, Inc. v. Discount Trophy & Co., Inc.,
  564 F. Supp. 2d 290 (S.D.N.Y. 2008) ..........................................................................3

De La Paz v. Rubin & Rothman, LLC,
  No. 11 Civ. 9625(ER), 2013 WL 6184425 (S.D.N.Y. Nov. 15, 2013) ...............5, 8

Genger v. Genger,
  No. 14-cv-5683 2015 WL 1011718 (S.D.N.Y. Mar. 9, 2015) ...........................6, 7

Johnson v. Georgia Highway Express, Inc.,
  488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489
  U.S. 87 (1989) ....................................................................................................5, 6

Medina v. Buther,
  No. 15-cv-1955, 2019 WL 4370239 (S.D.N.Y. Sept. 12, 2019) (Preska, J.) ..........5, 6, 8, 9

Netsoc, LLC v. Chegg Inc.,
  No. 18-cv-10262, 2020 WL 7265162 (S.D.N.Y. Dec. 10, 2020) ..............................6

O.R. v. NYC Dep't of Educ.,
  340 F. Supp. 3d 357 (S.D.N.Y. 2018) ..........................................................................5

Pastre v. Weber,
  800 F. Supp. 1120 (S.D.N.Y. 1991) .............................................................................9

**Statutes**

17 U.S.C. § 505 .....................................................................................................1, 2

17 U.S.C. § 1202 .........................................................................................................1

28 U.S.C. § 1927 ..................................................................................................1, 2

Defendants MVP Group International, Inc. ("MVP"), Bed Bath & Beyond Inc. ("BBB"), Wayfair LLC ("Wayfair") (collectively, the "MVP Defendants"), and Jet.com, Inc. ("Jet") (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully submit this memorandum of law in further support of their application for attorneys' fees, costs, and sanctions pursuant to 17 U.S.C. § 505, 28 U.S.C. § 1927, and the Court's inherent power.

## PRELIMINARY STATEMENT AND BACKGROUND

Plaintiff commenced this copyright infringement action on November 14, 2016, alleging that MVP violated the Copyright Act by producing and selling candles that bear on their product packaging a photograph of a tropical hibiscus plant taken by Plaintiff (the "Photograph"), and that BBB, Wayfair, and Jet violated the Copyright Act by selling MVP's candles on their respective websites. Dkt. No. 1.

Contrary to Plaintiff's erroneous allegations, MVP paid to download the Photograph from iStock's website and, in so doing, entered into an iStock Content License Agreement (the "iStock License") which granted MVP "a perpetual, non-exclusive, non-transferrable worldwide license to use the" Photograph "for the Permitted Uses." Dkt. No. 63 at 2-3. On September 20, 2018, counsel for the MVP Defendants provided Plaintiff's counsel a copy of the iStock License. Id. at 4, 17. Notwithstanding Defendants' provision of the iStock License, which expressly refuted Plaintiff's baseless causes of action, Plaintiff and Plaintiff's counsel refused to dismiss the action.[1] See id. at 4.

Despite refusing to dismiss the action, Plaintiff failed to affirmatively pursue the litigation, and the case "languished" for nearly two more years until Defendants, on April 15, 2020, filed a

---

[1] In a Joint Stipulation dated April 15, 2020, Plaintiff agreed to dismiss only his second cause of action, which sought removal of copyright management information in violation of 17 U.S.C. § 1202. Dkt. No. 37.

1

motion for summary judgment. Id. at 4; see Dkt. Nos. 37-39, 46-51. Defendants also moved for attorneys' fees, costs, and sanctions against Plaintiff and Plaintiff's counsel. See id. Plaintiff opposed Defendants' motion, which became fully briefed on May 27, 2020. Dkt. No. 52.

On March 5, 2021, this Court issued a Memorandum & Order, granting Defendants' motion for summary judgment. Dkt. No. 63. This Court expressly rejected Plaintiff's theories of copyright infringement liability against all Defendants, finding Plaintiff's positions "meritless." Id. at 14-16, 18.

This Court also granted Defendants' motion for attorneys' fees, costs, and sanctions, holding that "Plaintiff's and his counsel's conduct after September 20, 2018" – the date on which MVP Defendants' counsel "produced a copy of the iStock License" to Plaintiff's counsel – "satisfies" the standards of both Section 505 of the Copyright Act and 28 U.S.C. § 1927. Id. at 17. This Court held:

> In sum, the Court finds Plaintiff's and his counsel's continued prosecution of this action after Defendants produced the iStock License to be objectively unreasonable and tantamount to bad faith. Accordingly, an award of costs and attorney's fees is appropriate (1) against Plaintiff under Section 505 of the Copyright Act and (2) against the Liebowitz Law Firm under 28 U.S.C. § 1927. Defendants are entitled to their costs and fees incurred after September 20, 2018, and Plaintiff and the Liebowitz Law Firm shall be jointly and severally liable for those costs and fees."

Id. at 19 (emphasis in original).

Finally, this Court directed the parties to "confer with an eye towards resolving the matter of the amount of costs and attorney's fees" and, in the absence of such a resolution, directed the parties to submit to the Court a proposed briefing schedule on the issue. Id. at 20. The parties conferred but were unable to resolve "the matter of the amount of costs and attorney's fees." As such, the parties filed a joint letter proposing a briefing schedule on the issue, which this Court so-ordered on March 15, 2021.

Pursuant to this Court's directive, and the agreed-upon briefing schedule, Defendants respectfully submit this memorandum of law and the accompanying supporting papers in further support of their application for attorneys' fees, costs, and sanctions against Plaintiff and Plaintiff's counsel.

**FACTS**

As established in the accompanying Declarations of George R. McGuire, Esq., and Mioko C. Tajika, Esq., and the billing statements attached thereto, since September 20, 2018, Defendants MVP, Wayfair, and BBB have incurred a total $31,543.75 in attorneys' fees, and $501.30 in costs, and Defendant Jet has incurred a total of $10,097 in attorneys' fees, and $4.20 in costs. See Declaration of George R. McGuire, Esq. ("McGuire Decl.") Ex. A and Declaration of Mioko C. Tajika, Esq. ("Tajika Decl.") Ex. A.  Thus, since September 20, 2018, Defendants have incurred the sum total of $42,146.27 in fees and costs, plus the as-yet undetermined amount of fees and costs incurred to prepare the instant brief and supporting papers, as well as any reply brief.[2]

MVP Defendants

The MVP Defendants have been represented in this action by the law firm of Bond Schoeneck & King, PLLC ("Bond") and, specifically, by attorneys George R. McGuire, Esq. and Brendan M. Sheehan, Esq., as well as former paralegal James O. Calaprico. McGuire Decl. ¶¶ 1, 6, 8. Attorney McGuire is a member of Bond, is the chair of the firm's intellectual property and technology practice, and is a registered patent attorney. Id. ¶ 3.  He has been practicing law for

---

[2] Defendants are also entitled to recover the fees and costs incurred in preparing the instant motion papers. See, e.g., Crown Awards, Inc. v. Discount Trophy & Co., Inc., 564 F. Supp. 2d 290, 298 (S.D.N.Y. 2008) ("[T]he court will award Plaintiff its entire fees and costs (including the fees and costs associated with the preparation of this motion)."). Because Defendants cannot yet reasonably or accurately calculate the amount of fees it will incur in relation to this continued motion, Defendants respectfully reserve their right to file, with their anticipated reply papers, supplemental declarations with evidentiary proof of Defendants' total fees and costs with respect to this motion.

approximately twenty-five (25 years).  Id. ¶ 2.  Attorney McGuire concentrates his practice on intellectual property law, including intellectual property litigation.  Id. ¶ 3.  Attorney McGuire is also an adjunct professor at Syracuse University College of Law where he has taught courses on topics including internet law, trademark and unfair competition law, and intellectual property.  Id.  From September 2018 to date, Attorney McGuire charged between $450/hour and $515/hour on this matter.  Id. ¶ 5.

Attorney Sheehan graduated law school in 2011 and has been practicing law for approximately nine (9) years.  Id. ¶ 6.  In September 2018, Attorney Sheehan was a senior litigation associate and, in January 2020, Attorney Sheehan became a member of the Bond litigation department.  Id.  Attorney Sheehan's practice focuses on commercial litigation in both state and Federal court.  From September 2018 to date, Attorney Sheehan charged between $285/hour and $325/hour on this matter.  Id. ¶ 7.

James Calaprico was a litigation paralegal with over thirty-five (35) years of experience as a paralegal.  McGuire Decl. ¶ 8.  From September 2018 to date, Mr. Calaprico charged between $190/hour and $205 hour on this matter.  Id.

Jet.com

Defendant Jet has been represented in this action by the law firm Ingram Yuzek Gainen Carroll & Bertolotti, LLP and, specifically, by attorney Mioko C. Tajika, Esq.  Tajika Decl. ¶ 1.  Attorney Tajika is a member of Ingram Yuzek Gainen Carroll & Bertolotti, LLP's Commercial Litigation, Intellectual Property, Labor and Employment, and Asia Practice groups, and has been practicing law for approximately sixteen (16) years.  Id. ¶¶ 2-3.  Attorney Tajika handles a variety of commercial litigation disputes and her practice focuses on intellectual property litigation, including copyright disputes.  Id. ¶ 3.

4

**ARGUMENT**

"The Court has wide discretion in . . . determining the reasonableness of any [attorney fee] award." Medina v. Buther, No. 15-cv-1955, 2019 WL 4370239, at *5 (S.D.N.Y. Sept. 12, 2019) (Preska, J.) (internal quotation marks and citation omitted). "The Court of Appeals has repeatedly 'said that [t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Medina, 2019 WL 4370239, at *5 (quoting O.R. v. NYC Dep't of Educ., 340 F. Supp. 3d 357, 363 (S.D.N.Y. 2018)). "This calculation yields a presumptively reasonable fee, which is also referred to as the 'lodestar.'" Id. (internal quotation marks and citation omitted).

## I. The Hourly Rates Sought by Defendants Are Reasonable

"'In setting the reasonable hourly rate, a court must determine what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked.'" Medina, 2019 WL 4370239, at *5 (quoting De La Paz v. Rubin & Rothman, LLC, No. 11 Civ. 9625(ER), 2013 WL 6184425, at *10 (S.D.N.Y. Nov. 15, 2013)).

"In [Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008)], the Court of Appeals stated that in determining what rate a paying client would be willing to pay, the district court should assess case-specific considerations, including the factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)." Medina, 2019 WL 4370239, at *6. The twelve factors set forth in Johnson are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time

5

>limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Medina, 2019 WL 4370239, at *6 (citing Arbor Hill, 522 F.3d at 186 n.3).

"In addition to the Johnson factors, the Arbor Hill court ruled that the district court should also consider other factors including":

>[T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Medina, 2019 WL 4370239, at *6 (quoting Arbor Hill, 522 F.3d at 184). "[I]n considering the Arbor Hill and Johnson factors to the extent there is information in the record, the Court need not make findings as to each factor." Medina, 2019 WL 4370239, at *7 (internal quotation marks and citation omitted).

"In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour," for "associates in the range of $200 to $450 per hour," and "for law firm paralegals in amounts of approximately $200 per hour." Genger v. Genger, No. 14-cv-5683 2015 WL 1011718, at *2-3 (S.D.N.Y. Mar. 9, 2015) (approving partner rates up to $615/hour and associate rates up to $395/hour and collecting cases in which courts in this district approved the following hourly rates: $540 for partner with 24 years of experience; $735 for partner; $485 for partner with 16 years of experience; up to $390.10 for associates; and up to $205 for a paralegal); see Netsoc, LLC v. Chegg Inc., No. 18-cv-10262, 2020 WL 7265162,

at *7 (S.D.N.Y. Dec. 10, 2020) (approving partner rates between $515/hour and $787.50/hour, associate rates between $420/hour and $567/hour, and paralegal rates between $200/hour and $301.50/hour, and collecting cases from the Southern District in which courts approved similar rates); Capitol Records, Inc. v. MP3tunes, LLC, No. 07cv9931, 2015 WL 7271565, at *4 (S.D.N.Y. Nov. 12, 2015) (permitting rates up to $720 per hour for "experienced partners in copyright cases").

The hourly rates charged by the MVP Defendants' counsel are facially reasonable in this District. Attorney McGuire, a registered patent attorney with over two decades of experience in intellectual property law, charged between $450/hour and $515/hour during the relevant period. See McGuire Decl. ¶ 5. Attorney Sheehan, a commercial litigator who was a senior associate in September 2018 and who became a partner in January 2020, charged between $285/hour and $325/hour during the relevant period. Id. ¶¶ 6-7. James Calaprico, who had over thirty-five (35) years as a litigation paralegal, charged between $190/hour and $205/hour during the relevant period. Id. ¶ 8.

The rates charged by Jet's counsel, Attorney Tajika, are also facially reasonable. Attorney Tajika, who is a partner with approximately sixteen (16) years of commercial litigation experience, including with respect to intellectual property matters, charged between $445/hour and $490/hour. Tajika Decl. ¶¶ 2-5.

In sum, the attorney and paralegal rates charged by Defendants are facially reasonable pursuant to settled precedent in this District. See, e.g., Genger, No. 14-cv-5683 2015 WL 1011718, at *2-3; NetSoc, LLC, 2020 WL 7264162, at *7.

## II.     The Hours Expended by Defense Counsel and Paralegal Were Reasonable

"The other prong of the lodestar equation is the reasonable hours for which compensation should be awarded."  Medina, 2019 WL 4370239, at *7 (internal quotation marks and citation omitted).  "The Court can exercise its discretion to award fees for hours that are not excessive, redundant, or otherwise unnecessary in light of the litigation." Id. (internal quotation marks and citation omitted).  "'The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"  Id. (quoting De La Paz, 2013 WL 6184425, at *13).

The number of hours expended by Defense Counsel and paralegal James Calaprico were eminently reasonable.  From September 20, 2018 to date, Defendants' counsel spent 112.45 hours defending this action, as follows: Attorney McGuire (22 hours); Attorney Sheehan (71 hours); Attorney Tajika (19.45 hours).  See McGuire Decl. Ex. A; Tajika Decl. Ex. A.  Additionally, paralegal James Calaprico spent a total of 5 hours on this matter during the relevant period.  See McGuire Decl. Ex. A.  As evidenced by Defendants' billing statements, the vast majority of the time spent by Defendants' counsel from September 20, 2018 to date consisted of performing legal research and drafting moving and reply papers in support of Defendants' successful motion for summary judgment.  See McGuire Decl. Ex. A; Tajika Decl. Ex. A.  Of course, those efforts were only necessary because of Plaintiff's and Plaintiff's counsel's refusal to dismiss this action which, as this Court held, was "objectively unreasonable and akin to bad faith."  Dkt. No. 63 at 18.  The time required for Defendants to prepare their summary judgment papers was exacerbated by the fact that – as this Court noted – Plaintiff "shift[ed] gears" mid-case "and advance[d] an entirely different theory of the case that was completely divorced from the pleadings." Id.

Defendants' counsel also incurred time on critical and necessary matters such as attending court conferences, conferring with the respective Defendants and with co-Defense counsel, and engaging in unsuccessful resolution discussions with Plaintiff's counsel. See McGuire Decl. Ex. A; Tajika Decl. Ex. A.

Several factors highlight the reasonableness of the hours spent defending this action during the relevant period by Defendants' counsel and paralegal. First, Defendants' counsel assigned tasks to the most appropriate junior attorney to handle such task. This point is evidenced by the fact that the most junior attorney assigned to the case – Attorney Sheehan – billed the majority of relevant hours, including the bulk of hours relating to performing legal research and drafting papers in support of Defendants' motion for summary judgment. See McGuire Decl. Ex. A.

Second, by preparing and filing a joint motion for summary judgment, the MVP Defendants and Jet undoubtedly saved significant time and expense that would have otherwise been incurred if all Defendants defended the case individually and filed separate motions for summary judgment.

Third, there were several months from September 2018 to date in which no defense counsel billed a single hour to this matter, which highlights the fact that Defendants only worked on the matter during appropriate periods and to perform appropriate and necessary tasks.

Accordingly, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures," and the time that Defendants' counsel and paralegal Calaprico expended in this action from September 20, 2018 to date was at all times reasonable. Medina, 2019 WL 4370239, at *7; see, e.g., Pastre v. Weber, 800 F. Supp. 1120, 1126 (S.D.N.Y. 1991) (finding 128.75 a reasonable amount of time to spend on a summary judgment motion alone).

### III. Defendants Are Entitled to Full Costs

Finally, Defendants are entitled to the full amount of costs that they incurred from September 20, 2018 to date. Specifically, the MVP Defendants incurred $501.30 in costs during the relevant time period, which amount was comprised of legal research and long-distance telephone charges, and Jet incurred $4.20 in costs. McGuire Decl. Ex. A; Tajika Decl. Ex. A. Defendants are entitled to the full amount of these costs. See, e.g., Capitol Records, Inc., 2015 WL 7271565, at *6 (awarding party in copyright action "$105,288.33 in costs for photocopying, legal and database research, outside duplication and printing services, and travel"").

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order and judgment awarding them the full amount of the fees and costs sought herein.

Dated:  April 2, 2021

BOND, SCHOENECK & KING, PLLC

By: *s/ George R. McGuire*
George R. McGuire
Brendan M. Sheehan
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8515
E-mail:  gmcguire@bsk.com
bsheehan@bsk.com

*Attorneys for the MVP Defendants*

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP

By: *s/ Mioko C. Tajika*
Mioko C. Tajika
150 East 42nd Street, 19th Floor
New York, New York  10017
Telephone:  (212) 907-9600
E-mail: mtajika@ingramllp.com

*Attorneys for Defendant Jet.com, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021, I electronically filed the foregoing **Joint Memorandum of Law in Further Support of Defendants' Application for Attorneys' Fees and Costs** with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to All Counsel.

        *s/George McGuire*
        George McGuire